FILED
MINNEAPOLIS, MINN
11 MAR -7 PM 3:43
CITY CLERK
DEPARTMENT

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

Case Type: CIVIL RIGHTS

---

Fred Farthing, an individual,                         Court File No.:

        Plaintiff,

v.

City of Minneapolis, Sgt. D. Pommerenke,
badge # ___ personally, and in his capacity as
a Minneapolis Police Officer, Officer D.
Willis, badge # ___ personally, and in his          **SUMMONS**
capacity as a Minneapolis Police Officer,
Officer G. Westlund, badge # ___ personally,
and in his capacity as a Minneapolis Police
Officer, Officer D. Hansen badge # ___
personally, and in his capacity as a
Minneapolis Police Officer, Officer M. Kipke
badge # ___ personally, and in his capacity as
a Minneapolis Police Officer, Officer D.
Misgen badge # ___ personally, Officer K.
Lazarchic badge # ___ personally, and in his
capacity as a Minneapolis Police Officer, and
in his capacity as a Minneapolis Police;
Officers John Doe, Jane Doe and Richard
Roe, unknown and unnamed, Minneapolis
Police officers, personally, and in their
capacities as Minneapolis Police officers; and
Tim Dolan, Minneapolis Chief of Police,
personally and in his official capacity,

        Defendants.

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:

THIS SUMMONS IS DIRECTED TO THE CITY OF MINNEAPOLIS, MINNESOTA.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The

1

Mar 07 2011 4:01PM    HP LASERJET FAX    p.3
03/07/2011 04:46 FAX 6123393853    GOINS PETRY LAW OFFICE    ☒002
Mar 07 2011 3:47PM    HP LASERJET FAX    p.2

Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 (twenty) days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

> Albert Turner Goins, Sr. (#126159)
> GOINS LAW OFFICES, LTD
> 301 Fourth Avenue South
> Suite 378N
> Minneapolis, MN 55415

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: March 7, 2011

> *[signature]*
> Albert Turner Goins, Sr. (#126159)
> GOINS LAW OFFICES, LTD
> 301 Fourth Avenue South

2

Suite 378N
Minneapolis, MN 55415
(612) 339-3848
(612) 339-3853 Facsimile

ATTORNEYS FOR PLAINTIFF
FRED FARTHING

Exhibit A

## INTRODUCTION

1. Plaintiff Fred Farthing brings this complaint seeking damages and other relief against Defendants for violations of her civil and constitutional rights under both federal and state constitutions, violations of federal and state statutes, including 42 United States Code Section 1981, 1983, 1985, 1986 and 1988, and for common law tort claims as herein enumerated.

2. The incident giving rise to Mr. Farthing's claims took place on or about March 4-5, 2010 near the address of 215-10th Avenue South, City of St. Minneapolis, County of Hennepin, Minnesota, 55415.

3. At all times material hereto, Ms. Fred Farthing was a person of African-American descent residing in the State of Minnesota, County of Hennepin. Plaintiff is a protected class individual.

4. Defendant City of Minneapolis is a political entity and person under 42 U.S.C. § 1983 and the employer of the Defendant police officers and is sued pursuant to Minnesota Statutes Section 466.01, et seq. The appropriate claims are also based on the doctrine of respondeat superior against Defendant City of Minneapolis as the employer of Defendant officers.

5. Defendant Tim Dolan is the Minneapolis Police Chief. Dolan, allegedly, has the duty and responsibility of supervising, training and disciplining Minneapolis Police officers, including defendant officers herein.

6. All Defendant police officers were at the time and place of the incident working as on-duty Minneapolis Police officers and/or acting within the scope and course of their official duties and employment as officers with the City of Minneapolis Police

2

Department.

7. At approximately 3:00 p.m., Plaintiff Farthing was at his residence located In Minneapolis, Minnesota when officers entered purportedly with a search warrant for the premises.

8. Officers only had knock and announce authority for this search warrant at Plaintiff's premises.

9. Upon information and belief, Officers failed to knock and announce their authority instead illegally opening the door of Plaintiff's residence with a key of unknown origin. Defendant Officers then kicked down Plaintiff's bedroom door wherein he was unclothed with a partly clothed female person.

10. Officers then ordered Plaintiff to get on the ground and as he was attempting to comply with that order, one of the defendants leapt upon the Plaintiff's back taking him to the ground forcibly and breaking his clavicle or collar-bone.

11. Plaintiff was handcuffed and despite being handcuffed and injured, officers used a Taser stun gun on him in the "Touch mode" at his side or lower back.

12. Despite Plaintiff's obvious injuries and his statement that he was in pain, Officers failed to either offer or provide medical assistant to Mr. Farthing. Officers instead told Farthing he would be treated after he was booked—a plain violation of Farthing's right to medical treatment and a breach of the Officers' constitutional duty.

13. Fred Farthing has suffered a permanent injury based on the unjustified actions of the Defendant Officers including, but not limited to, continued pain and suffering.

14. The actions of the Defendant officers were not the actions of reasonably well-trained officers and were malicious and wrongful.

15. The seizure of Plaintiff by these Officers used unnecessary and unreasonable force.

16. The actions of the officers were malicious, unjustified, unreasonable, and were or should have been known to violate Mr. Farthing's rights, including his rights to due process and to be free from unreasonable seizure.

17. Plaintiff alleges that Defendants have actual and/or or constructive knowledge of her claims. Further, Plaintiff has no obligation to provide notice of his federal claims based on the Supremacy Clause of the United States Constitution. *See Felder v. Casey*, 487 U.S. 131, 146-47, 108 S. Ct. 2302, 2311, 101 L. Ed. 2d 123 (1988).

## CAUSES OF ACTION

### I.

### ASSAULT

18. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

19. The actions of Defendant officers placed Mr. Farthing in immediate fear of imminent threat of physical or bodily harm and were intended to cause such fear in Plaintiff while Defendants had the apparent and present ability to cause such harm.

20. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Farthing.

21. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

22. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## II.

### BATTERY

23. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

24. The actions of Defendant officers, including the Officer who broke Plaintiff's clavicle, constituted an unauthorized touching and use of unreasonable, unjustified and excessive force in violation of Minnesota Statutes authorizing the use of justifiable force. Such unauthorized touching or force caused physical or bodily harm and was intended to cause such physical or bodily harm as to Plaintiff while Defendants had Plaintiff in their custody.

25. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Farthing. Upon information and belief Defendant Officers were aware of Mr. Farthing's injuries from another police contact.

26. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

27. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## III.

## FALSE ARREST

28. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

29. Defendants in illegally and falsely seizing Plaintiff did so in violation of the terms of the search warrant thus causing Plaintiff to lose his liberty and freedom of movement without legal right or justification.

30. Defendants did so maliciously and/or recklessly by assaulting him, based in part on Plaintiff's race, color and appearance.

31. Such an assault is part of a pattern of police misconduct.

32. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Farthing.

33. As a result of these actions, Plaintiff was placed in fear of immediate harm, injury, or death, resulting in damage to Plaintiff.

34. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## IV.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

36. The actions of Defendants were malicious, unjustified and unreasonable and so outrageous as to be non-endurable in a civilized society. Further such actions invaded

6

and violated Plaintiff's liberty interests and rights. Such actions were unjustified, were not the actions of reasonably well-trained officers and were committed with malice and/or racial animus for Mr. Farthing.

37. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

38. Wherefore, as a direct and proximate cause of these actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## V.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

40. The actions as alleged herein of all officers at the scene negligently and maliciously placed Plaintiff Fred Farthing in a zone of danger where he faced the danger of further harm.

41. Further, the negligent actions of the Defendant officers invaded and violated the constitutional liberties and rights of Plaintiff. Such actions were unjustified, were not the actions of reasonably well-trained officers, and were committed with malice and/or racial animus for Mr. Farthing.

42. As a result of these outrageous actions and assaults, Plaintiff was caused severe emotional and mental distress, resulting in harm and injury to Plaintiff.

43. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars

($75,000.00).

## VI.

## 42 USC § 1983

### EXCESSIVE FORCE AND DUE PROCESS VIOLATIONS

44. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

45. The actions of Defendant officers, including the Officer who broke Plaintiff's clavicle, were conducted under color of law and while acting within the scope of their authority as Minneapolis Police officers. Moreover, the action of tasering Mr. Farthing while he was incapacitated was patently unconstitutional.

46. Such actions intentionally and recklessly constituted "constitutional torts," including violating and depriving Mr. Farthing of his rights to be free from unreasonable seizures, to be free from excessive force and his right to due process of law, all in violation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Title 42 United States Code Section 1983.

47. Such actions were not the actions of objectively reasonably well-trained police officers and violated clearly and well-established rights of Mr. Farthing. Further, the actions of the officers were inherently shocking to the conscience. See *Rochin v. California*, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205 (1952).

48. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, serious, temporary and/or permanent physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

8

49. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## VII.

## 42 U.S.C. § 1985

50. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

51. The actions of the officers were conducted as a part of a tacit agreement or conspiracy to refuse to vindicate, to refuse to protect, or to infringe the constitutional rights of Farthing and African-American persons in the City of Minneapolis. Such a tacit agreement or conspiracy violates 42 U.S.C. § 1985 by depriving a class of persons of rights because of race-based animus or hostility and deprives them of their constitutional rights through a pattern and practice of condoned illegal police behavior.

52. Defendant officers have acted in furtherance of this tacit agreement or conspiracy to violate Plaintiff's rights.

53. As a result of these outrageous actions and assaults, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

54. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## VIII.

## 42 U.S.C. § 1983

## MONELL CLAIM

55. Plaintiff restates and realleges each and every allegation and paragraph of this Complaint as if fully set forth herein.

56. The pattern or practice of illegal and condoned police misconduct is tacitly or overtly sanctioned by the conduct of Defendants Dolan and the City of Minneapolis.

57. Thus, such behavior is carried out pursuant to a policy, procedure or custom, whether formal or informal, which violates constitutional rights of persons situated such as Plaintiff.

58. As a result of these illegal and unconstitutional policies, procedures or customs, Plaintiff was caused severe harm, including the loss of constitutional rights and liberties, physical injury and other emotional and mental distress, resulting in harm and injury to Plaintiff.

59. Wherefore, as a direct and proximate cause of the actions of Defendant officers, Plaintiff has suffered damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and the following relief against each and every Defendant, jointly and severally.

A. Reasonable damages in an amount in excess of Seventy-Five Thousand Dollars;

B. Injunctive and declaratory relief;

C. Attorneys fees and expert costs under 42 USC § 1988;

Exhibit A

D.  Any and all other relief available, including pre-verdict and post-verdict interest, costs, fees and disbursements; and

E.  After motion, hearing, and Order, a claim under state law and judgment for punitive damages.

F.  Plaintiff demands a jury trial as to issues so triable.

G.  All available statutory damages, including punitive damages pursuant to Title 42 United States Code Section 1988.

Dated: _____, 2011

**GOINS LAW OFFICES**

Albert T. Goins, Sr., #126159
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848 telephone
612-339-3853 facsimile

**ATTORNEYS FOR PLAINTIFF
FRED FARTHING**

11

## ACKNOWLEDGMENT

The undersigned attorney does hereby acknowledges the provisions of Minn. Stat. §549.211.

Dated: __3-7__, 2011          GOINS LAW OFFICES

_____
Albert T. Goins, Sr., #126159
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848 telephone
612-339-3853 facsimile

**ATTORNEYS FOR PLAINTIFF
FRED FARTHING**